IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD MILLER, et al.,

                Plaintiff,                Case No. 3:05 CV 7025

-vs-

                                      O R D E R

THE PRENTICE-HALL CORPORATION
SYSTEM, INC., et al.,

                Defendant.

KATZ, J.

This matter is before the Court on Defendant Walgreen Co.'s Motion to Quash Summonses (Doc. No. 17). Plaintiff next filed a Reponse (Doc. No. 18), which was followed by individually named defendants Sutton, Blue, Smitter, Florez, Scarbough and Orbish filing a Reply (Doc. No. 19). Plaintiff then filed a Sur-Reply (Doc. No. 20). For the reasons stated below, Defendant's motion is denied.

Plaintiffs filed an employment-discrimination complaint in federal court on January 26, 2005. Eleven summonses were issued on January 28 and modified on January 31. On February 11, 2005, a Return of Service for service by certified mail was filed for all eleven issued summonses. Defendant moved to quash summonses on March 18, 2005.

Service of process is governed by Rule 4(e) of the Federal Rules of Civil Procedure, which allows for service of competent adult individuals who are located in a judicial district of the United States. Service may be effected pursuant to the law of the state where the district court is located, in this case,

Ohio; by personal service; by leaving copies at the individual's dwelling; or by serving an authorized agent. F.R.C.P. 4(e).

In Ohio, service of process is governed by Ohio Rules of Civil Procedure 4.1, which allows for service by certified mail. Service is effected when "evidenced by return receipt signed by any person..." Ohio Civil Rule 4.1(A). Rule 4.1(A) provides a mechanism by which the clerk may initiate service by certified mail:

> The clerk shall place a copy of the process and complaint or other document to be served in an envelope. The clerk shall address the envelope to the person to be served at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk with instructions to forward. The clerk shall affix adequate postage and place the sealed envelope in the United States mail as certified or express mail return receipt requested with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered.

*Id.*

After service has occurred, Ohio Rule 4.1 further instructs that "the clerk shall forthwith enter the fact of mailing on the appearance docket and make a similar entry when the return receipt is received.... The clerk shall file the return receipt or returned envelope in the records of the action." *Id.*

The clerk of court is not the only person who can prepare and mail the certified letter containing the summons. "[C]ertified mail service by an attorney which otherwise complies with the federal and Ohio rules is valid" as well. *Piercey v. Miami Valley Ready-Mixed Pension Plan*, 110 F.R.D. 294, 296 (6th Cir. 1986). In *Piercey*, plaintiff's attorney sent a copy of the complaint and summons to defendants via certified mail. *Id.* at 295. The return receipts were executed, as in this case, and returned to plaintiff's attorney. *Id.* Defendant in Piercey, as in the instant matter, claimed that service was improper given the requirement of the Ohio rules that the clerk be involved in certified mail service. *Id.*

2

The court discussed applicable Ohio Rule of Civil Procedure 4.1 and found that "the clerk performs no special function under the Ohio rules, but is a third party entrusted with the mechanics of the certified mail process and with the verification that the envelope containing the served documents reached the specified address." *Id.* at 296. The court then held that "an attorney may undertake the clerk's function in certified mail service under the Ohio rules without undermining the probability that this method of service will effectuate notice." *Id.*

In the instant case, Plaintiff's attorney has unarguably performed the duty of the clerk, and has sent the summons by certified mail, obtained a signed return receipt and entered both a standard form acknowledging return of service and the signed return receipt into the Court's docket. The certified mail service sent by Plaintiff's attorney and containing the name of the individual along with the address to which it should be delivered was reasonably certain to provide the required notice to interested parties. *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). The notice is further verified by submission of both a signed return receipt and return of service form to the Court. Therefore, Defendant's Motion to Quash Summonses (Doc. No. 17) is denied. The Case Management Conference set for June 20, 2005 is to proceed as scheduled.

IT IS SO ORDERED.

   S/ *David A. Katz*
   DAVID A. KATZ
   SENIOR U. S. DISTRICT JUDGE

3