IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD MILLER, et al.,

                Plaintiff,                Case No. 3:05 CV 7025

-vs-

                                              O R D E R

THE WALGREEN CORP., et al.,

                Defendant.

KATZ, J.

      Before the Court is the motion of the Director of the Ohio Department of Job and Family Services to quash a subpoena/motion for protective order, (Doc. No. 42) as to which Defendants have filed an opposition. The Court has reviewed the motion, the Ohio statutory authority relied upon by the movant and the case law relied upon by Defendants. The motion is now ready for decision.

      Plaintiffs are four former employees of Defendant Walgreen Co. who have filed the instant litigation alleging racial discrimination in their respective disciplinary treatment and termination and are seeking damages with respect thereto. Defendants believe that those Plaintiffs may have applied for employment compensation benefits with the Ohio Department of Job and Family Services (the "Department") after their termination from Defendant. The Walgreen Co. wishes to get information from the files and records in the Department as to the reasons articulated by each of the Plaintiffs for their position as terminated employees of Walgreen, which Walgreen believes

would be contained in their files for unemployment benefits subsequent to being terminated by Walgreen.

The Department, through its counsel, has filed a motion to quash the subpoena and for a protective order, relying upon the statement in the Ohio statutes that unemployment files are not public records. Ohio Revised Code 4141.21, *et seq*. In response Walgreen Co. asserts that the subpoena was properly served by personal service on December 22, 2005, pursuant to Fed. R. Civ. P. 45 and that, as was the case in *Freed v. Grand Court Lifestyles, Inc*., 100 F.Supp2d 610 (S.D. Ohio 1998), the state privilege law does not control federal question cases.

In *Freed* Chief Judge Walter Rice reviewed in great depth the conflict between state privilege law and the rights of parties controlling in federal questions cases. Judge Rice concluded:

> In the present case, providing access to OBES's records, to the extent described above, serves Grand Court's interest in obtaining relevant information, while infringing as little as possible upon Ohio's interest in preserving the confidentiality of its unemployment compensation records.

Having reviewed the authorities available to this Court, including those cited in *Freed* and *Freed* itself, this Court concludes that the Department's motion shall be denied except as noted hereafter, and it shall be responsive pursuant to subpoena with respect to requests for discovery information in the files of the Department provided by <u>each Plaintiff personally</u>; to the extent that Defendants seek to discover information not provided by <u>each Plaintiff personally</u> to the Department, however, the Department's motion is granted. The Department is ordered to provide Defendant Walgreen Co. with any such information it has received from each Plaintiff in this action. Such information shall be deemed confidential, shall be disclosed under seal to the Defendant, and shall be subject to inspection only by : 1) the parties to this litigation or their

2

agents; and 2) counsel for the parties to this action, including support staff.  The Department shall comply with this order within fourteen (14) days of its entry.

    IT IS SO ORDERED.

                                                                           s/ *David A. Katz*
                                                        DAVID A. KATZ
                                                        SENIOR U. S. DISTRICT JUDGE